UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>                              Plaintiff,<br><br>v.<br><br>BSREP III SD HOTEL LLC, a Delaware Limited Liability company; and DOES 1-10,<br><br>                              Defendants. | Case No.: 3:21-cv-00264-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the Motion to Dismiss filed by Defendant BSREP III SD Hotel LLC.  (ECF No. 9).

## I.     PROCEDURAL BACKGROUND

On January 15, 2021, Plaintiff Gilbert Salinas commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2021-00001802-CU-CR-NC, against Defendants BSREP III SD Hotel LLC and DOES 1 through 10.  (ECF No. 1-2).  On February 12, 2021, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1367(a), 1441(a) and (c), and 1446.  (ECF No. 1).

Plaintiff alleged that "because [ ] Defendants have failed to identify and describe the core accessibility features in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his accessibility needs, [ ] Defendants fail to comply with its [Americans With Disabilities Act of 1990] [("]ADA["])] obligations and the result is that [ ] Plaintiff is unable to engage in an online booking of the hotel room with any confidence or knowledge about whether the room will actually work for him due to his disability." (ECF No. 1-2 at 8). Plaintiff brought the following two causes of action: (1) violation of the ADA (42 U.S.C. § 12101, et seq.) and (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53). *See id*. at 9-11. Plaintiff sought injunctive relief; damages; and reasonable attorney fees, expenses, and costs. *See id*. at 11-12.

On March 22, 2021, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). On April 10, 2021, Plaintiff filed an Amended Complaint, which is the operative pleading in this case. (ECF No. 10). On the same day, Plaintiff filed a Notice of Filing. (ECF No. 11).

## II. MOTION TO DISMISS (ECF No. 9)

Once filed, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012). Defendant's Motion to Dismiss (ECF No. 9) became moot once Plaintiff's Amended Complaint (ECF No. 10) was filed.

IT IS HEREBY ORDERED that Motion to Dismiss filed by Defendant BSREP III SD Hotel LLC (ECF No. 9) is DENIED as moot.

## III. SUBJECT MATTER JURISDICTION

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). A district

court must remand a removed case if it lacks jurisdiction over the matter because subject matter jurisdiction may not be waived by the parties. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

The federal removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction." *Id.* "[R]emoval jurisdiction . . . must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[D]istrict courts [ ] have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (alteration in original). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome*, 582 F.3d at 1091.

"[D]istrict courts [further] have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "Jurisdiction

founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

The federal supplemental jurisdiction statute provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Amended Complaint alleges that jurisdiction is proper in this Court based on federal question jurisdiction "because this matter originally contained an ADA claim and the defendants removed the case from state court to federal court." (ECF No. 10 at 2). The original Complaint alleged a claim for violation of the ADA (42 U.S.C. § 12101, et seq.). *See* ECF No. 1-2 at 9-11. Plaintiff's claim for violation of the ADA has been voluntarily dismissed because Plaintiff has not included the claim in the Amended Complaint. In the

Notice of Filing, Plaintiff states that he has "[d]ropped the only federal cause of action, i.e., the cause of action under the Americans with Disabilities Act." (ECF No. 11 at 2). The only causes of action Plaintiff brings in the Amended Complaint are state law claims for violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53) and violation of the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.). *See* ECF No. 10 at 6-8. The Court finds that the underlying action does not include a federal question. The Court further finds that diversity jurisdiction does not exist because neither party has invoked diversity jurisdiction or alleged facts regarding the amount in controversy or citizenship. The Court concludes that federal subject matter jurisdiction does not exist over the underlying action.

The remaining claims in the Amended Complaint for violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53) and violation of the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) are state law claims that do not arise under federal law. *See* ECF No. 10 at 6-8. In the notice of removal, Defendant contends that "this Court has the discretion to exercise supplemental jurisdiction over the state law claim in Plaintiff's [original] Complaint because the state law claim is transactionally-related to Plaintiff's ADA cause of action." (ECF No. 1 at 3). The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that this action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2021-00001802-CU-CR-NC.

Dated: April 26, 2021

Hon. William Q. Hayes
United States District Court